■ In the Matter of DIANE BURKE, Petitioner, v STEPHEN BERGER, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated September 26, 1975 and made after a statutory fair hearing, which affirmed an order of the local agency which reduced the petitioner's grant in the category of aid to dependent children in order to recoup an amount received by petitioner as the proceeds of a settlement of a personal injury claim. Petition granted and determination annulled, on the law, without costs or disbursements, and respondents are directed to (1) remit to the petitioner those moneys, if any, which have been deducted from her grant and (2) refrain from making any future deductions on account of this claim from petitioner's grant. The local agency offered no evidence at the fair hearing to contradict petitioner's testimony that it had informed her at the time of her application that she would not have to assign to it the proceeds of her accident case. This testimony is supported by the agency's own summary report of the interview, wherein the consultant wrote: "No assignment of uninsured motorist claim against N. Y. State is possible." Petitioner reported the settlement on her next regular visit to the welfare center after receiving her check from the claim. Accordingly, there is no proof in the record to support the State Commissioner's finding that the petitioner willfully withheld information about her accident settlement. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.